UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN BORING,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BED BATH & BEYOND OF CALIFORNIA LIMITED LIABILITY COMPANY,<br><br>　　　　Defendant. | Case No.  12-cv-05259-JST<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, MOTION FOR ATTORNEYS FEES, INCENTIVE AWARDS**<br><br>Re: ECF Nos. 36, 40 |

Before the Court are Plaintiff's motions for final approval of the pending class action settlement and for an award of attorneys' fees, litigation costs, and a service enhancement award to the class representative. The Court held a final fairness hearing on May 29, 2014, at 2:00 p.m. No class member appeared to object to the settlement.

## I.　BACKGROUND

Plaintiff's operative complaint alleges Defendant Bed Bath & Beyond of California, LLC failed to reimburse its California Store Managers, Assistant Managers, and Department Managers for the use of their personal vehicles for business-related purposes and for gas mileage when they personally transferred products between stores. The Court previously granted the settlement preliminary approval and directed the distribution of class notice. ECF No. 33. The Court's prior Order sets out the relevant background of the case and the settlement agreement.

## II.　LEGAL STANDARDS

### A.　Settlement Approval

"The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. Pro. 23(e). "Adequate notice is critical to court approval of a class settlement under Rule 23(e)." Hanlon v. Chrysler Corp., 150

1  F.3d 1011, 1025 (9th Cir. 1998). In addition, Rule 23(e) "requires the district court to determine
2  whether a proposed settlement is fundamentally fair, adequate, and reasonable." <u>Id.</u> at 1026.
3  "Assessing a settlement proposal requires the district court to balance a number of factors: the
4  strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further
5  litigation; the risk of maintaining class action status throughout the trial; the amount offered in
6  settlement; the extent of discovery completed and the stage of the proceedings; the experience and
7  views of counsel; the presence of a governmental participant; and the reaction of the class
8  members to the proposed settlement." <u>Id.</u>

### III.  ANALYSIS

#### A.  Settlement Approval

##### 1.  Adequacy of Class Notice

The Court already preliminarily approved the form of class notice in its Preliminary Approval Order. Since then, the Claims Administrator carried out the notice plan by preparing the class list, mailing the class notice and claim form, and re-mailing to those not delivered, and by processing claims. <u>See</u> Tittle Decl., ECF No. 41 ¶¶ 4–15. The Claims Administrator did not receive any challenges to its determinations. <u>Id.</u> Twenty-seven of the 1,374 class notices were returned undeliverable after a second attempt and a skip trace. The Claims Administrator received 430 claims, representing a 31.3% claim rate, five requests for exclusion, and no objections. <u>Id.</u>

The Court finds that the class notice plan was implemented properly.

##### 2.  Fairness, Adequacy, and Reasonableness of Settlement

The Court previously found that the settlement fell within the "range of possible approval," that it was the product of "serious, informed, non-collusive negotiations," that it had no "obvious deficiencies," and that it "does not improperly grant preferential treatment to class representatives or segments of the class." <u>See</u> <u>In re Tableware Antitrust Litig.</u>, 484 F. Supp. 2d 1078, 1079–80 (N.D. Cal. 2007) (quoting <u>Schwartz v. Dallas Cowboys Football Club, Ltd.</u>, 157 F. Supp. 2d 561, 570 (E.D. Pa. 2001)). Since then, no class member has objected, and only five have requested exclusion. The claim rate of 31.3% indicates robust participation by the class in the settlement. The entire net settlement amount reserved for the class will be distributed to claimants; no amount

2

1  will revert to Defendant or be distributed *cy pres*.

2  The Court incorporates here its reasons for granting preliminary approval to the settlement,
3  and finds that the settlement is fair, adequate, and reasonable within the meaning of Rule 23(e).

### B. Class Certification

For the reasons discussed in the Court's Preliminary Approval Order, the Court finds that the requirements for certification of the conditionally certified settlement class have been met, and that the appointment of Plaintiff Sean Boring as Class Representative and Craig J. Ackermann of Ackermann & Tilajef, PC, and Michael Malk of Michael Malk, Esq., APC as Class Counsel is proper.

### C. Attorneys' Fees

"In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). "Where a settlement produces a common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery method." In re Bluetooth Headset Products Liab. Litig., 654 F.3d 935, 942 (9th Cir. 2011) "The lodestar figure is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer." Id. "Because the benefit to the class is easily quantified in common-fund settlements," courts can "award attorneys a percentage of the common fund in lieu of the often more time-consuming task of calculating the lodestar." Id. "Applying this calculation method, courts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award, providing adequate explanation in the record of any 'special circumstances' justifying a departure." Id. (quoting Six Mexican Workers v. Ariz. Citrus Growers, 904 F.2d 1301, 1311 (9th Cir. 1990)).

"Even though a district court has discretion to choose how it calculates fees . . . it 'abuses that 'discretion when it uses a mechanical or formulaic approach that results in an unreasonable reward.'" In re Bluetooth, 654 F.3d at 944 (quoting In re Mercury Interactive Corp., 618 F.3d 998, 992 (9th Cir. 2010)). "Thus, even though the lodestar method may be a perfectly appropriate

3

1   method of fee calculation," the Ninth Circuit has "also encouraged courts to guard against an
2   unreasonable result by cross-checking their calculations against a second method." In re
3   Bluetooth, 654 F.3d at 944.
4         In considering whether to adjust the presumptive twenty-five percent award upward, the
5   Ninth Circuit has approved of district courts taking into account "[e]xceptional results," the "risk"
6   of non-recovery assumed by counsel, any "benefits beyond the case settlement fund" that counsel
7   achieved for the class, counsel's "reasonable expectations, . . . based on the circumstances of the
8   case and the range of fee awards out of common funds of comparable size," and any unusual
9   burdens born by counsel. Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1048–50 (9th Cir. 2002).
10        Class Counsel requests one-third of the total settlement amount, or $138,333.33, as
11  attorneys' fees, which amount represents a 1.12 multiplier on Class Counsel's lodestar. Thus,
12  Class Counsel requests an upward deviation from the Ninth Circuit's benchmark of twenty-five
13  percent of the common fund.
14        After considering the record in this case, the history of the litigation, Class Counsel's
15  declarations and filings, and relevant caselaw in similar types of case, the Court finds no "unusual
16  circumstances," such as exceptional complexity, results, or risk, that would justify departure from
17  the twenty-five percent benchmark. Morris v. Lifescan, Inc., 54 F. App'x 663, 664 (9th Cir.
18  2003); see also In re Pac. Enterprises Sec. Litig., 47 F.3d 373, 379 (9th Cir. 1995) ("[t]he district
19  court may adjust the benchmark when special circumstances indicate a higher or lower percentage
20  would be appropriate"). Accordingly, the Court will approve an award to Class Counsel of
21  $103,750.00 in attorneys' fees.

**D.   Expenses**

23        An attorney is entitled to "recover as part of the award of attorney's fees those out-of-
24  pocket expenses that "would normally be charged to a fee paying client." Harris v. Marhoefer, 24
25  F.3d 16, 19 (9th Cir. 1994) (quoting Chalmers v. City of Los Angeles, 796 F.2d 1205, 1216 n.7
26  (9th Cir.1986)). See also S.E.C. v. Sunwest Mgmt., Inc., 524 F. App'x 365, 368 (9th Cir. 2013)
27  (unpublished) (applying Harris's rule to an award of attorney's fees in a class action).
28        Class Counsel requests $10,000 in costs and expenses in accordance with the settlement

agreement. However, in total, Class Counsel has actually incurred more expenses in litigating this action — a total of $11,487.68. See Ackermann Decl., ECF No. 37 ¶ 27 & Ex. C ($7,202.48); Malk Decl., ECF No. 38 ¶ 40 & Ex. A ($4,285.20). The Court has reviewed Class Counsel's list of expenses and finds that they are of the sort of expenses that "would normally be charged to a fee paying client." The Court therefore concludes that $11,487.68[1] in costs and expenses as reimbursement for the costs of suit is appropriate.

### E.     Incentive Award

"Incentive awards are discretionary . . . and are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." Rodriguez v. W. Publ'g Corp., 563 F.3d 948, 958-59 (9th Cir. 2009) (internal citation omitted). "[D]istrict courts must be vigilant in scrutinizing all incentive awards to determine whether they destroy the adequacy of the class representatives." Radcliffe v. Experian Information Solutions, Inc., 715 F.3d 1157, 1165 (9th Cir. 2013).

"Courts may consider the following criteria in determining whether to provide incentive awards: '(1) the risk to the class representative in commencing suit, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; and (5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation.'" Walsh v. Kindred Healthcare, No. 11-cv-00050-JSW, 2013 WL 6623224, at *4 (N.D. Cal. Dec. 16, 2013) (quoting Van Vranken v. Atlantic Richfield Co., 901 F.Supp. 294, 299 (N.D. Cal. 1995)).

In this case, the Court finds that $7,500 is reasonable to reflect the time and energy Plaintiff Sean Boring expended in bringing this action and the risks taken on behalf of his fellow employees and class members in prosecuting this action against Defendant. Mr. Boring also

---

[1] Although this amount is very slightly more than requested by Plaintiff's counsel, the Court has awarded less in attorneys' fees than they requested, and the total of fees and costs is also less than requested.

1 traveled to and attended the mediation that resulted in this settlement, and signed a general release 2 that is broader than the release that applies to the class.  The Court concludes, in light of the 3 above-listed factors, that $7,500 is a proper incentive award.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby ORDERS as follows:

1. The Court hereby certifies the settlement class conditionally certified in this Court's prior Preliminary Approval Order, ECF No. 33.

2. The Court appoints Plaintiff Sean Boring as Class Representative.

3. The Court appoints Craig J. Ackermann of Ackermann & Tilajef, PC, and Michael Malk of Michael Malk, Esq., APC as Class Counsel.

4. The Court finds that the settlement is fair, adequate, and reasonable.

5. The Court approves an incentive award of $7,500 to Class Representative Boring.

6. The Court approves an award to Class Counsel of $11,487.68 in litigation costs and expenses and $103,750.00 in attorneys' fees.

7. The Court approves the payment of $20,000 to the Claims Administrator, Simpluris, Inc., for costs actually incurred and documented by the Claims Administrator.

8. The five class members who requested to opt out of the settlement class are excluded from the class.

**IT IS SO ORDERED.**

Dated:  June 30, 2014

_____
JON S. TIGAR
United States District Judge